UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-01271-AB-PD | Date: | May 15, 2025 |
|---|---|---|---|

| Title: | *Debra Biane, et al. v. Universal City Studios, LLC, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER **GRANTING** PLAINTIFFS' MOTION FOR REMAND [Dkt. No. 13]

Pending before the Court is a Motion for Remand ("Motion," Dkt. No. 13) filed by Plaintiffs Debra Biane, Gerald Scott Biane, Josh Taylorson, and Sami-Joh Goldberg (collectively, "Plaintiffs") Motion to Remand and Request for Monetary Sanctions Against Defendant Universal City Studios, LLC. Defendant Universal City Studios, LLC ("Defendant Universal") filed an opposition ("Opp.," Dkt. No. 22), and Plaintiffs filed a reply ("Reply," Dkt. No. 24.) The Court found this matter appropriate for decision without oral argument and vacated the hearing set for May 2, 2025. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Plaintiff's Motion is **GRANTED** as follows.

## I. BACKGROUND

On April 8, 2024, Plaintiffs commenced an action in the Superior Court of California, County of Los Angeles, against various, now-dismissed defendants. (*See* Notice of Removal, Dkt. No. 1, at 1.) On July 18, 2024, Plaintiffs filed a First Amended Complaint, naming Defendant Universal City Studios, LLC, and Does 1

through 25. (*Id.* at 2.) On January 10, 2025, Plaintiffs served amendments to the First Amended Complaint to name Iana Diaz ("Diaz") as Defendant Doe 1, Ricardo Montes ("Montes") as Defendant Doe 2, Ana Karagyeyzyan ("Karagyeyzyan") as Defendant Doe 3 (collectively, "Doe Defendants"). (*Id.*) On January 17, 2025, Plaintiffs served their Statement of Damages in the State Court Action. (*Id.* at 3.) On February 13, 2025, Defendant Universal removed the case to this Court. (*See* Dkt. No. 1.)

On March 17, 2025, Plaintiffs filed the Motion on the basis that (1) Defendant Universal did not timely file their notice of removal within thirty days of being able to ascertain the amount in controversy exceeded $75,000, and (2) Defendant Universal cannot prove that removal is proper because there is a lack of complete diversity between the defendants. (Mot. at 2.) Defendant argues Plaintiff fraudulently joined the Doe Defendants (Montes, Diaz, and Karagyezyan) and their citizenship should be ignored for the Court to determine the existence of complete diversity, and Defendant timely filed their notice of removal. (Opp. at 1.)

## II. LEGAL STANDARD

### A. Removal

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id.*

### B. Timeliness of Removal

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two [30]-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876,

885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first 30-day removal period is triggered. *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date it receives " 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

### III.  DISCUSSION

#### A.  Defendant Universal's Removal Was Untimely

"When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." *Id.* at 1253. The thirty-day period for removal begins to run when defendant receives a copy of a pleading or "other paper" from which it can determine that the case is removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). An interrogatory response is an "other paper" that may reset the removal clock. *Id.* at 1251. While parties "need not make extrapolations or engage in guesswork," defendants seeking to remove a case must "apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC,* 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotations omitted).

Specifically, in "cases involving severe injuries, especially those involving surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied," despite the plaintiffs' failure to plead a dollar amount. *See Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) (finding amount in controversy established by allegations of severe injuries requiring surgery, including an umbilical hernia and a permanent scar, as well as loss of income and earning potential); *see also, e.g., Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, at *3 (E.D. Cal. Mar. 17, 2006) (same, based on allegations of head trauma, broken bones, and a deep laceration to his leg in his complaint); *Fjelstad v. Vitamin Shoppe Indus. LLC*, No. 220CV07323ODWAFMX, 2021 WL 364638, at *4 (C.D. Cal. Feb. 3, 2021) (same, based on allegations of hospitalization, skin graft

surgery, debridement, and skin harvesting from her own body); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding the amount in controversy was satisfied in a slip and fall case, where the plaintiff alleged (1) injuries to her wrist, knee, upper and lower back, (2) loss of wages and earning capacity, and (3) permanent disability and disfigurement).

Here, Defendant received enough facts to recognize that the amount-in-controversy exceeded $75,000 when Plaintiff responded to interrogatories and produced her doctor's report. (Reply at 8.) Applying a "reasonable amount of intelligence," Defendant could have ascertained removability on October 17, 2024, when Plaintiffs served their discovery responses. *See Kuxhausen*, 707 F.3d at 1140. As of October 17, 2024, Defendant was aware that Plaintiff Debra Bian had undergone two surgeries to resect her ribs, suffered from injuries to her neck and back[1], had multiple MRIs, was seen by multiple physicians[2], listed the thirteen medications she had been prescribed to manage pain, and that she would need a third surgery[3]. (Reply at 9-10.) Even further, Defendant had Plaintiff Debra Biane's medical records and an operation report detailing the surgery Plaintiff Biane underwent. (*See* Mot., Exhibit I.) However, Defendant did not remove the case until February 13, 2025, well beyond the thirty-day statutory deadline. (*See* Dkt. No. 1.)

Because Plaintiff's discovery responses allege in detail the nature of Plaintiffs' injuries and the surgeries received, the Court concludes that it was facially apparent from the discovery responses served on October 17, 2024 that the amount in controversy exceeded the jurisdictional minimum for diversity jurisdiction. As such, Defendant's removal was untimely.

---

[1] "Injuries to neck: segmental and somatic dysfunction of cervical region; Injuries to back: L1-L2 disc demonstrates a 3.4 mm posterior annular bulge with tear; L2-L3 is desiccated with 3.6 mm posterior annular bulge; L5-S1 disc is narrowed and desiccated with bilateral recess narrowing….Injuries to ribs: Responding Party underwent a partial resection of cartilaginous left 9th rib; Responding Party underwent a resection of 9th costal cartilage rib…" *See* Dkt. No. 13-6, Exhibit D at 12, Plaintiff Debra Biane's Response to Defendant's Form Interrogatories, Set One, Response to No. 6.2 ("Biane's Discovery Responses").

[2] Plaintiff listed seventeen treating physicians in her response to Form Interrogatory No. 6.4. *See* Biane's Discovery Responses at 15-20.

[3] "Responding Party is scheduled to undergo a right rib surgery on or about October 23, 2024…" *See* Biane's Discovery Responses at 27.

Because the Court finds that Defendant's removal was untimely, the Court need not address the issue of complete diversity.

### B.     Request for Costs and Fees Incurred in Seeking Remand

Plaintiffs request that the Court award attorneys' fees and costs incurred in filing this motion pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Plaintiffs failed to demonstrate that Defendant Universal lacked an objectively reasonable basis for seeking removal. Although removal was untimely, Defendant's basis of removal was objectively reasonable as the parties were diverse (in Defendant's eyes) and the amount-in-controversy exceeded $75,000. Therefore, Plaintiffs' request for attorneys' fees is **DENIED**.

### IV.    CONCLUSION

For the reasons set forth above, the Motion is **GRANTED**. The Court **REMANDS** this action to the Los Angeles County Superior Court. The Clerk of Court is respectfully directed to close this matter.

**IT IS SO ORDERED**.